UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-04-63-B-W |
| | ) | |
| OSAMA EL-SAYED ABDALLA | ) | |
| EL-SILIMY, M.D. and | ) | |
| THE AROOSTOOK E.N.T. CLINIC, P.A. | ) | |

**ORDER ON DEFENDANT'S MOTION TO AMEND OR CORRECT JUDGMENT
WITH REGARD TO ADDITIONAL SUPERVISED RELEASE TERMS**

On January 17, 2005, this Court sentenced Osama El-Silimy, M.D., an Egyptian national, for obstruction of criminal investigations of health care offenses and false statements. As a condition of supervised release, this Court required Dr. El-Silimy to report to an Immigration official:

> Upon completion of his term of imprisonment and home confinement, defendant is to surrender to a duly authorized Immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq. As a further condition of Supervised Release, if ordered deported, defendant shall remain outside the U.S. during that time.

*Judgment* at 4 (Docket # 87). On January 24, 2006, Dr. El-Silimy moved to amend or correct the Judgment on the ground that this condition "would give the impression to the Immigration officials that the Court favored the defendant's deportation." *Def.'s Mot. to Amend or Correct Judgment* at 1 (Docket # 89). The Government objected to any revision of the Judgment. *Govt.'s Mem. of Law in Opp. to Def.'s Mot. to Amend or Correct Judgment* (Docket # 91). Because the language in the supervised release condition is a variation of language approved by the First Circuit, the law restricts alterations of criminal judgments, and this Court made no recommendations regarding deportation, this Court denies the Defendant's motion.

**I. Statement of Facts**

Following indictment on August 11, 2004, Dr. El-Silimy entered a plea of guilty on May 9, 2005 to two counts: (1) obstruction of criminal investigations of health care offenses – 18 U.S.C. § 1518(a); and, (2) false statements – 18 U.S.C. § 1001. The Probation Office prepared a PreSentence Investigation Report (PSR), which included the following proposed condition of supervised release:

> Upon completion of his term of imprisonment, Defendant is to be surrendered to a duly authorized Immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. As a further condition of Supervised Release, if ordered deported, Defendant shall remain outside the U.S. during that time.

*PSR* at 31, ¶ 4. Although Dr. El-Silimy formally objected to numerous provisions of the PSR and submitted an alternative report by a former United States Probation Officer, he did not object to this condition. A PreSentence Conference was held on November 28, 2005 and the Defendant raised no objection at that time to the language in this condition.

At the close of the sentencing hearing on January 17, 2006, the Court asked Dr. El-Silimy whether he had any objections to the terms of supervised release. *Partial Trans. of Sent. Proceed.* at 2 (Docket # 90). Defense counsel raised a concern as to whether Immigration would interpret the language of the supervised release condition to suggest the Court's view that Dr. El-Silimy should be deported. *Id.* at 2-3. In response, the Court altered the language:

> Upon completion of his term of imprisonment and home confinement, defendant is to surrender to a duly authorized immigration official *for deportation proceedings* in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. As a further condition of Supervised Release, if ordered deported, the defendant shall remain outside the United States during that time.

*Id.* at 6 (emphasis supplied).  The Court asked defense counsel whether this new language satisfied his concern and he responded:  "Yes, your Honor.  Thank you."  *Id.*  It is this amended language that appears in the Judgment.  *See Judgment* at 4 (Docket # 87).

## II. Discussion

Dr. El-Silimy's motion is based on his ongoing concern that the Immigration officials will interpret the language in the condition as a judicial signal that he should be deported.  Dr. El-Silimy points out that the language of deportation conditions varies among districts.  *Def.'s Mot. to Amend or Correct Judgment* at 1 & exh. 1 (Docket # 89).  He also has conferred with counsel specializing in immigration law and posits that the language may have an adverse impact on Dr. El-Silimy's deportation proceedings and, if deported, any subsequent requests he may make for a waiver from the Department of Homeland Security.  *Id.* at 1-2.  He proposes the language be amended as follows:

> Upon completion of his term of imprisonment and home confinement, defendant is **to report in person** to a duly authorized Immigration official for **a determination whether he is deportable** in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*.  As a further condition of Supervised Release, if ordered deported, defendant shall remain outside the U.S. during that time **unless duly authorized to re-enter by the United States Department of Homeland Security**.

*Id.* at 3 (bold in original).  The Government objected on the grounds that Dr. El-Silimy has not satisfied the requirements for amendment of a judgment, that the Court should not alter a condition of supervised release over the Government's objection, and any changes in the language of the Judgment are unnecessary.  Dr. El-Silimy moves this Court under 18 U.S.C. § 3583(e)(2) and Federal Rules of Criminal Procedure 32.1(c) and 35, which this Court will discuss in turn.

### A. Fed. R. Crim. P. 35

To succeed on a Rule 35 motion, the defendant must prove "arithmetical, technical, or other clear error."[1] Fed. R. Crim. P. 35(a). According to advisory committee notes:

> The authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . . The subdivision is not intended to afford the court the opportunity . . . simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35(c) advisory committee notes, 1991 amendment (discussing former Rule 35(c), now Rule 35(a)). Consistent with the advisory committee's comments, the First Circuit has described Rule 35 as "a very narrow rule." *United States v. Burgos-Andujar*, 275 F.3d 23, 32 (1st Cir. 2001) (quoting advisory committee's note). Dr. El-Silimy has not alleged an arithmetical or technical mistake; he asserts clear error. In the First Circuit, "clear error" requires "'a strong, unyielding belief that a mistake has been made.'" *United States v. Bermudez*, 407 F.3d 536, 542 (1st Cir. 2005) (quoting *United States v. Matos*, 328 F.3d 34, 40 (1st Cir. 2003)).

This Court cannot draw that conclusion. The language in the condition traces directly to a First Circuit opinion. In *United States v. Sanchez*, 923 F.2d 236 (1st Cir. 1991) (per curiam), the First Circuit addressed whether 18 U.S.C. § 3583(d) authorized district courts to order deportation as a condition of supervised release and concluded it did not. Instead of remanding the case, *Sanchez* simply amended the judgment to read:

> As a condition of supervised release, upon completion of his term of imprisonment the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101 *et seq.* As a further condition of supervised release, if ordered deported, defendant shall remain outside the United States.

---

[1] Dr. El-Silimy's motion was filed within Rule 35(a)'s 7 day time period.

*Id.* at 238. The language in *Sanchez* is word-for-word the language in the original condition.[2] Exactly this same language appears in *United States v. Londono-Quintero*, 289 F.3d 147, 150 n.2 (1st Cir. 2002) and *United States v. Ramirez*, 948 F.2d 66, 68 (1st Cir. 1991), and has been adopted in the Fourth, Fifth, Ninth, and Tenth Circuits. *United States v. Xiang*, 77 F.3d 771, 773 (4th Cir. 1996); *United States v. Quaye*, 57 F.3d 447, 451 (5th Cir. 1995); *United States v. Tinoso*, 327 F.3d 864, 866 n.2 (9th Cir. 2003) (noting the language used in *Sanchez* "has been approved by a number of circuits as an appropriate condition of supervised release under § 3583(d)"); *United States v. Phommachanh*, 91 F.3d 1383, 1388 (10th Cir. 1996). This Court is fortunate to have such explicit direction on the exact language for a condition of supervised release and remains unconvinced that Immigration officials would misconstrue language, which must appear routinely in thousands of judgments throughout the United States. This Court concludes there is no error, much less clear error, in the language of the condition in the Judgment.

### B.  18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c)

"Pursuant to 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c), the district court has plenary jurisdiction to supervise a convicted defendant's release, including the jurisdiction to modify the conditions of supervised release . . . ." *United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) (per curiam). Section 3583(e)(2) provides that the sentencing court "'may modify, reduce, or enlarge the conditions of supervised release, *at any time* prior to the expiration or termination of the term of supervised release.'" *Id.* (quoting 18 U.S.C. § 3583(e)(2)) (emphasis in original).

---

[2] The modified language of "surrender . . . for deportation proceedings" is more favorable to Dr. El-Silimy's position.

Although the Government contends that only a Probation Officer, not the defendant, has a right to petition for modification of supervised release under § 3583(e)(2) and Rule 32.1(c), a defendant has the right to do so. *See United States v. Sanchez-Berrios*, 424 F.3d 65, 82 (1st Cir. 2005); *United States v. Padilla*, 415 F.3d 211, 222-23 (1st Cir. 2005). *Padilla* cited with approval the Rule 32.1 advisory committee note of 1979, which states that "[t]he probationer should have the right to apply to the sentencing court for a clarification or change of conditions." 415 F.3d at 223 (quoting Fed. R. Crim. P. 32.1, advisory committee notes, 1979 amendments (discussing Rule 32.1(b), now Rule 32.1(c)).

To modify a supervised release condition, § 3583(e) directs the court to consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). But, here the defendant is not arguing that a term of supervised release should be altered because it no longer meets the statutory purposes of sentencing under § 3553. Dr. El-Silimy does not seek to modify the substance of the requirement, only its phrasing, to avoid misinterpretation by a third party. This Court simply cannot fit Dr. El-Silimy's argument within the statutory confines of the listed subsections of § 3553. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) ("Because [the defendant] did not contend that modification would be supported by any of the § 3553(a) factors, the motion for modification was properly denied."); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 34-35 (2d Cir. 1997).

### C. Other Considerations

This Court has considered other factors. First, it was Dr. El-Silimy who questioned the language of the condition at the sentencing hearing, and it was Dr. El-Silimy who concurred with

6

the Court's amended language. To the extent Dr. El-Silimy now attempts to object to language he expressly agreed to at the hearing, he has waived the objection.

Second, *Sanchez* makes it clear that the sentencing court's authority is to make certain the defendant makes himself available for deportation proceedings. In so doing, it acts within its statutory authority "to order, as a condition of supervised release, that 'an alien defendant [who] is subject to deportation' be surrendered to immigration officials for deportation proceedings under the Immigration and Naturalization Act." *Sanchez*, 923 F.2d at 237 (quoting 18 U.S.C. § 3583(d)). Immigration officials are presumed to be aware that this condition of supervised release does not "arrogate any executive power vested in the Attorney General to determine appellant's deportability." *Id.* at 237-38.

Finally, to the extent there is any confusion as to whether this language constitutes a recommendation of deportation, the transcript of the sentencing hearing itself should allay any concerns. The Court stated:

> I'm not making any conclusion or any finding or any determination whatsoever regarding what immigration does with this matter. That is their bailiwick; that's their decision. You've already informed me that if he were to - - had been sentenced to a period in excess of one year - - that deportation is mandatory. I have sentenced him to less than one year, so presumably it's not mandatory, and it's up to immigration what they do.

*Partial Trans. of Sent. Proceed.* at 3 (Docket # 90). The condition of Supervised Release clarified by this Court's comments at the sentencing hearing cannot reasonably be misconstrued to constitute a recommendation to Immigration officials to deport Dr. El-Silimy or not to deport him. This is Immigration's decision following "proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act."

## III. Conclusion

This Court DENIES Defendant's Motion to Amend or Correct Judgment With Regard to Additional Supervised Release Terms (Docket # 89).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2006